IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>MICHAEL ALEXANDER BACON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING [26] MOTION FOR ORDER TO SHOW CAUSE<br><br>Case No. 2:14-CR-563-DN<br><br>District Judge David Nuffer |

Defendant Michael Alexander Bacon seeks an order, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, directing the United States to show cause why it has not returned the personal property that Salt Lake City police officers seized from him.[1] Mr. Bacon also seeks the entry of sanctions against the United States and reimbursement for his missing property.[2] Because other adequate remedies at law exist for Mr. Bacon, and as the court lacks subject matter jurisdiction to grant Mr. Bacon monetary relief under Rule 41(g), Mr. Bacon's Motion for Order to Show Cause[3] is DENIED.

## DISCUSSION

Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."[4] "A district court should exercise its equitable power to grant relief only if the Rule 41(g) movant shows irreparable harm and an inadequate remedy at law."[5]

---

[1] Motion for Order to Show Cause, docket no. 26, filed Feb. 4, 2016.

[2] *Id*.

[3] *Id*.

[4] FED. R. CRIM. P. 41(g).

[5] *United States v. Soto-Diarte*, 370 Fed. Appx. 886, 887 (10th Cir. 2010) (internal quotations omitted).

Additionally, "Rule 41(g) is not a proper vehicle for obtaining monetary compensation for seized property no longer in the government's possession."[6] "[T]o the extent the government is no longer in possession of the [defendant's] property and [the defendant] seeks monetary relief, sovereign immunity bars [the defendant's] claim" and the district court lacks subject matter jurisdiction to grant relief under Rule 41(g).[7]

At the time of Mr. Bacon's arrest and pursuant to a state warrant, Salt Lake City police officers seized several items of his personal property. It is undisputed that the seized property was held for use as evidence in this case. At Mr. Bacon's June 29, 2016 plea and sentencing hearing, he made an oral motion for the return of his property.[8] The seized property subject to the federal hold was ordered to be released once Mr. Bacon's time for appeal expired.[9]

On August 10, 2015, Mr. Bacon's counsel, Adam Bridge, retrieved Mr. Bacon's property from the Salt Lake City Police Department and had it delivered to Mr. Bacon's mother in California. The only property of Mr. Bacon that remains in the Salt Lake City Police Department's possession is contraband and evidence of Mr. Bacon's bank robberies, including latent print cards, DNA swabs, money, binocular, photos from the scene, a wig and mustache, a camera case, and various letters and notes. Mr. Bacon has not claimed entitlement to this property's return, but rather maintains that several items of the property seized from him are missing, as those items were not included with the property retrieved by Mr. Bridge and are no longer in the Salt Lake City Police Department's possession.

---

[6] *Id*. at 888.

[7] *Clymore v. United States*, 415 F.3d 1113, 1120 (10th Cir. 2005).

[8] Minute Entry for Proceedings Held Before Judge David Nuffer, docket no. 29, entered June 29, 2016.

[9] *Id*.

With the exception of a title to a vehicle, Defendant did not identify the property that he claims is missing. Regarding the title, the parties represented that the Salt Lake City Police Department released it, along with a set of keys and a wallet, to Mr. Bacon's ex-wife, Freeda Coleman, on April 9, 2015. Mr. Bacon argues that the release of the title to Ms. Coleman was improper, as she was not his authorized representative, and the improper release entitles him to reimbursement under Rule 41(g). Mr. Bacon has also filed a separate civil action against certain Salt Lake City police officers seeking damages for his missing property.[10] Mr. Bacon's civil action remains pending.

Given the equitable nature of Rule 41(g), the relief Mr. Bacon seeks is more appropriately raised through other available remedies at law, including Mr. Bacon's pending federal civil action[11] or state causes of action.[12] Moreover, the record evidence, including the parties' representations at the April 20, 2016 hearing on Mr. Bacon's motion and the property inventories Mr. Bacon later submitted,[13] establishes that the United States is not in possession of the seized property Mr. Bacon claims is missing. To the extent Mr. Bacon seeks monetary relief for this missing property, sovereign immunity divests the court of subject matter jurisdiction over his claim.[14] Accordingly, Mr. Bacon's motion[15] is DENIED.

---

[10] *Bacon v. Hamilton et al.*, 2:15-CV-179-DN (D. Utah).

[11] *Bacon v. Hamilton et al.*, 2:15-CV-179-DN (D. Utah).

[12] *Soto-Diarte*, 370 Fed. Appx. at 887; *United States v. Copeman*, 458 F.3d 1070, 1073 (10th Cir. 2006).

[13] Exhibits in Support of Defendant's Motion for Return of Property, docket no. 38, filed May 16, 2016.

[14] *Soto-Diarte*, 370 Fed. Appx. at 888; *Clymore*, 415 F.3d at 1120.

[15] Motion for Order to Show Cause, docket no. 26, filed Feb. 4, 2016.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion for Order to Show Cause[16] is

DENIED.

Signed May 27, 2016.

BY THE COURT

District Judge David Nuffer

---

[16] *Id.*

4