JOHN W. HUBER, United States Attorney (7229)
RUTH HACKFORD-PEER, Assistant United States Attorney (15049)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 325-3265

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Case No. 2:14-CR-00563 DN |
| Plaintiff, | : | UNITED STATES' SENTENCING MEMORANDUM |
| vs. | : | |
| MICHAEL ALEXANDER BACON, | | Honorable David O. Nuffer |
| Defendant. | : | |

_____

**INTRODUCTION**

Defendant Michael Bacon pled guilty to two counts of Bank Robbery and one count of credit union robbery, in violation of 18 U.S.C. § 2113(a). Mr. Bacon entered into a binding 11(c)(1)(C) plea with the United States wherein the parties agreed that the sentence imposed by the Court should be 80 months' imprisonment and further agreed than an 80-month sentence is a reasonable sentence.[1] On June 29, 2015, the Court accepted the 11(c)(1)(C) plea agreement and imposed a sentence of 80 months' imprisonment and 60 months' supervised release. Mr. Bacon filed a § 2255 attack, which, because the term of supervised release should not have exceeded 36

---

[1] *Statement in Advance of Plea Pursuant to Fed. R. Crim. P.* 11(c)(1)(C), Case No. 2:14-CR-563 DN, Docket no. 19, at 4 (hereinafter "*Plea Agreement*").

months, this Court denied in part and granted in part. Mr. Bacon is now entitled to re-sentencing. Based on defense counsel's report, the following three issues are in front of the Court at resentencing: 1) Whether the supervised release term should be modified, 2) whether the filed plea supplement that accompanies every plea agreement should be stricken from the record, and 3) whether Mr. Bacon should receive 14-months credit on his federal sentence for time served (and credited) in the state.

### 1) Mr. Bacon's Supervised Release Term Should Be Modified

At the outset, the United States respectfully requests this Court modify Petitioner's 60-month term of supervised release to a term of 36-months' supervised release. The government concedes that multiple terms of supervised release should run concurrently and that supervised release should not run more than three years for a Class C Felony.[2]

Petitioner was sentenced to 80 months' imprisonment and 60 months' supervised release pursuant to an all-in-one change of plea and sentencing hearing. As a result, the sentencing judge did not have the benefit of a pre-sentence report to aid his sentencing authority. In addition, while the plea was entered pursuant to an 11(c)(1)(C), the term of supervised release was not included as part of the plea.[3] At the end of the sentencing hearing, the judge indicated "I am ordering a post-sentence report because I want that, and I want to review it to determine if I need

---

[2] *See* 18 U.S.C. § 3583(e)(3) (noting term of supervised release is up to three years.); 18 U.S.C. § 3624(e) (noting term of supervised release runs concurrently).
[3] *See Plea Agreement*, 2:14-CR-563, Docket no. 19.

to modify supervised release conditions."[4] The 60-month term of supervised release was never modified. Mr. Bacon's supervised release term should be modified to a total of 36-months.

**2) Mr. Bacon's Sealed Plea Supplement Should Not Be Stricken From the Record**

Mr. Bacon does not want a sealed plea supplement in his record. He argues that inmates may use the sealed filing to infer he is a cooperator. He already raised this issue in his §2255. In that filing, Mr. Bacon alleged his counsel was ineffective for acting against his wishes in permitting the sealed plea supplement to be entered on the Court's docket. The Court determined that Mr. Bacon's counsel was not ineffective for this reason. Mr. Bacon now asks for this supplement to be stricken from the record.

To begin, Mr. Bacon's counsel requested that the plea agreement be filed without the plea supplement, but the request was denied because it is the District of Utah's policy to file a sealed plea supplement regardless of whether the defendant signs it. The local criminal rules provide that "All plea agreements shall be accompanied by a sealed document entitled 'Plea Supplement.'"[5]

This policy is actually for the defendant/prisoner's benefit. By requiring all plea agreement accompany a sealed supplement, it ensures that cooperators will not be identified.[6]

---

[4] *Bacon Change of Plea and Sentencing Transcript*, 2:14-CR-563, Docket no. 57, at 43:1–43:3.
[5] DUCrimR 11-1.
[6] Panel Five: Cooperation and Plea Agreements-Judges' Roundtable, 79 Fordham L. Rev. 85, 93 (2010) ("We felt we had some obligation to protect our PACER from being a part of this wrongdoing [of identifying cooperators]. So we crafted the rules that I just described.").

Before this change was implemented, "[t]he plea supplement was the document most frequently used to identify a defendant/offender as a cooperator."[7]

The Court should keep the plea supplement in the docket as it does with every plea agreement. This is not only a matter of integrity to our local rules but is also a matter of safety of cooperators. If Mr. Bacon is allowed to remove his plea supplement, rest assured others will request the same, and cooperators will once again be identified by the presence of a sealed plea supplement in their docket. The sealed plea supplement is filed in every plea agreement in the District of Utah and should not be modified here.

**3) Mr. Bacon Should Not Receive 14 Months Credit on His Federal Sentence**

Finally, Mr. bacon argues that "[h]e attempted to structure the plea agreement so that he would insure that the Board of Pardons would not give him credit for the 14 months served on the State offenses and then he could get the 14 months credit on the Federal charge to which he pled guilty. This did not work as anticipated and the Board did give him credit for the 14 months and therefore the Bureau of Prisons would not count that time against his federal sentence."[8] For this reason, Mr. Bacon is asking the Court to give him 14 months credit on the original sentence imposed.

What the Board of Pardons may have credited or not credited to Mr. Bacon regarding a state sentence has no application here. Generally, "decisions of the board in cases involving

---

[7] <u>Survey of Harm to Cooperators: Final Report Prepared for the Court Administration and Case Management Committee, the Committee on Defender Services, and the Criminal Law Committee of the Judicial Conference of the United States</u>, 2016 WL 6568716.
[8] Counsel's Report to the Court, Docket No. 91.

paroles, pardons, commutations or terminations of sentence, restitution or remission of fines or forfeitures are final and are not subject to judicial review."[9] But more to the point, crediting Mr. Bacon 14 months on his federal sentence runs afoul of the plea agreement he entered into with the United States. As an 11(c)(1)(C), the plea agreement, and therefore the 80-months sentence of incarceration to which the parties agreed, is a binding plea agreement with a binding sentence.[10] Should the Court decide to credit Mr. Bacon 14 months (for whatever reasons), he would be sentenced to 66 months imprisonment, not 80 months imprisonment as required by the parties' plea agreement, even though the Court has already accepted the 80-month plea.

## CONCLUSION

For all the foregoing reasons, the United States respectfully asks the Court modify Mr. Bacon's supervised release term to 36 months, but otherwise leave his sentence unchanged.

Dated this 30th day of October, 2018.

JOHN W. HUBER
United States Attorney


/s/ Ruth Hackford-Peer
RUTH HACKFORD-PEER
Assistant United States Attorney

---

[9] Utah Code Ann. § 77-27-5(3) (1995).
[10] See 18 U.S.C. § 3582 ("The court may not modify a term of imprisonment once it has been imposed except [in enumerated situations that do not apply.]").